IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CEDRIC GREENE                                                                 PLAINTIFF

v.                                  Case No. 3:26-cv-00059-LPR

FIRST TO SERVE INC.                                                           DEFENDANT

## ORDER

Plaintiff Cedric Greene filed a *pro se* complaint alleging that he was wrongly removed from staying at a Los Angeles, California shelter for the unhoused.[1]  Plaintiff states that he is displaced, though his return mailing address is in Los Angeles, California.[2]  Although he acknowledges that both he and Defendant are based out of Los Angeles, California, he asks to be allowed to proceed in this Court (using diversity jurisdiction) because he intends to establish residency in Arkansas.[3]

As a threshold matter, a party's future intended residency is not a ground for diversity jurisdiction—nor can it properly establish residency for purposes of the venue statute Plaintiff cites.[4]  But let's assume for a moment Plaintiff could proceed under federal question jurisdiction. Based on the facts alleged and the parties' addresses, it appears that venue would properly lie in the United States District Court for the Central District of California.[5]  Accordingly, the Court finds that the interests of justice would best be served by transferring this case to the United

---

[1] Compl. (Doc. 2).

[2] *Id*. at 1

[3] *Id*. at 4.

[4] *Id*.; *see* 28 U.S.C. § 1391(c) ("For all venue purposes . . . a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled[.]").

[5] 28 U.S.C. § 1391(b).  Plaintiff's argument that venue is inappropriate in the Central District of California based on "8th Amendment cruelty factors and defamation circumstances" is meritless.  Compl. (Doc. 2) at 4.  And, importantly, it does not establish that the Defendant is subject to personal jurisdiction in the Eastern District of Arkansas for purposes of 28 U.S.C. § 1391(b)(3).

States District Court for the Central District of California.[6]

The Clerk of the Court is directed to immediately transfer Plaintiff's entire case file to the

United States District Court for the Central District of California.

IT IS SO ORDERED this 18th day of February 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[6] 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").